|, SAUNDERS, Judge.
Rebecca Smith, the Plaintiff, appeals a judgment of the Office of Workers’ Compensation determining that Smith was temporarily, totally disabled and required to cooperate with the Defendant’s Vocational Rehabilitation counselor. For the following reasons, we reverse the judgment of the lower court, and we find that the Plaintiff is permanently, totally disabled.

BACKGROUND AND PROCEDURAL FACTS

Rebecca Smith, age 42, is the mother of five children and married to Brad Smith, a loan review specialist. Smith graduated from high school in 1977, and she immediately entered the garment industry. Through the years, she was employed as a clothing salesperson at several retail establishments including owning her own boutique. Then, in March 1988, she began working for the Defendant, Seasons Manufacturing (“Seasons”), a company which develops clothing lines and manufactures clothing. Initially, she was employed at Seasons in marketing; however, she was eventually promoted to the Director of Marketing and Design. Her job duties included the following: supervising the sales representatives, designing clothing, opening and closing outlet stores, and traveling to and from market around the country developing clothing lines.
While working with Seasons, the Plaintiff began developing chronic sinusitus, dermatological symptoms, and headaches. Her condition progressively worsened causing her to miss work, but her condition went undiagnosed. Then, Dr. Robert Tarpy sent the Plaintiff for an evaluation at the Environmental Health Center in Dallas where she was diagnosed with a rare, disabling chemical sensitivity caused by repeated, daily intense exposure to formaldehyde found in fabrics. This condition ultimately resulted in two in-patient and one out-patient sinus surgical procedures. Smith’s condition | ?,continued to *901 worsen, and she became too sick to work. Her last day of employment at Seasons was June 18,1993.
Seasons agreed that the Plaintiff suffered from exposure to formaldehyde and that she developed her sickness in the course and scope of her employment at Seasons. The Defendant also recognized that Mrs. Smith was temporarily, totally disabled and began paying weekly indemnity benefits from June 18, 1993, and continued throughout the trial. In a seven year period following her last day of employment, Seasons retained two companies to offer vocational rehabilitative services to Smith; however, both attempts were unsuccessful. Unfortunately, formaldehyde-based chemicals are present in dyes, tobacco smoke, plywood, disinfectants, deodorants, and other many other products making work outside the house in a formaldehyde free environment almost impossible. Thus, Seasons continued to pay Smith temporary, total disability benefits.
Then, in January 2000, Dr. William Na-setta, a physician chosen by Seasons, evaluated Smith and gave the medical opinion that the Plaintiff would be able to return to work in a formaldehyde-free environment. After this evaluation, Seasons switched Smith’s benefit status from temporary, total disability to supplemental earnings benefits without reducing her rate of compensation. At the same time, Dr. Tarpy, the Plaintiffs treating physician, was of the medical opinion that Smith could not return to work. Thus, on March 30, 2000, Smith filed a Disputed Claim for Compensation with the Office of Workers’ Compensation claiming that her “wage benefits were terminated or reduced on 02/02/00 to SEB status.” In addition, Smith requested that the court change her disability status from temporarily, totally disabled to permanently, totally disabled.
Following the suit, Seasons again attempted to rehabilitate Smith in May 2000. At that time, Seasons requested for Smith to meet with Louis Hebert, a vocational | ¡¡rehabilitation counselor, who would provide new testing on Smith. Smith refused to comply with the request, and Seasons filed a motion with the court to compel Smith to meet with the counselor. The motion was deferred to trial.
After a trial on the merits, the workers’ compensation judge determined that Smith remained temporarily, totally disabled, and he ordered Smith to meet with the rehabilitative vocational counselor. From this judgment, Smith appeals.

LAW AND ANALYSIS

STANDARD OF REVIEW
In workers’ compensation cases, the factual findings of the workers’ compensation judge are subject to the manifest error or clearly wrong standard of appellate review. Seal v. Gaylord, Container Corp., 97-0688 (La.12/02/97); 704 So.2d 1161. When applying this standard, we must not determine whether the fact finder was right or wrong, but we must determine whether the factfinder’s conclusion was a reasonable one. Id. Thus, if the worker’s compensation court’s findings are reasonable in light of the record reviewed in its entirety, we may not reverse even if we would have weighed the evidence differently. Romero v. Northrop-Grumman, 01-0024 (La.App. 3 Cir. 5/30/01); 787 So.2d 1149. However, if we determine that the trial court committed manifest error in its factual determinations or a reversible error of law, we conduct a de novo review of the record. Rosell v. ESCO, 549 So.2d 840 (La.1989).
ASSIGNMENT OF ERROR
In her appeal, Smith asserts the following assignment of error:
*902 (1) The hearing officer’s determination that Smith remained temporarily totally disabled was manifestly erroneous; rather, the evidence at trial established the Plaintiff was entitled to permanent [4total disability benefits under La.R.S. 23:1221(2).
Because Smith is not employed, the controlling statutory provision is La.R.S. 23:1221(2)(c) which provides the standard for permanent, total disability. It provides:
For purposes of Subparagraph (2)(a) of this Paragraph, whenever the employee is not engaged in any employment or self-employment as described in Subpar-agraph (2)(b) of this Paragraph, compensation for permanent total disability shall be awarded only if the employee proves by clear and convincing evidence, unaided by any presumption of disability, that the employee is physically unable to engage in any employment or self-employment, regardless of the nature or character of the employment or self-employment, including, but not limited to, any and all odd-lot employment, sheltered employment, or employment while working in any pain, notwithstanding the location or availability of any such employment or self-employment.
(Emphasis added.)
In interpreting this statute, the Louisiana Supreme Court recently recognized that the “clear and convincing” standard in a workers’ compensation case is “an intermediate standard falling somewhere between the ordinary preponderance of the evidence civil standard and beyond a reasonable doubt criminal standard.” Comeaux v. City of Crowley, 01-0032, pp. 8-9 (La.7/3/01); 793 So.2d 1215, 1220 quoting Hatcherson v. Diebold, Inc., 00-3263, p. 4 (La.5/15/01); 784 So.2d 1284, 1288 (Citing Black’s Law Dictionary 227 (5th ed. 1979)). In Comeaux, the court outlined factors to be considered in determining whether a party is permanently, totally disabled. In determining the disability status of a party,
A key to understanding disability status, suggested by a scholar in this area, is to recognize the two, often interwoven, ingredients that make up the disability concept: (i) disability in the medical or physical sense ... and (ii) inability or decreased ability to earn wages_Al-though these two ingredients may coexist, one may be present without the other.
Id., 01-0032, pp. 7-8; 793 So.2d at 1219. (Citations omitted).
In the case, the supreme court held La. R.S. 23:1221(2)(c) requires consideration of the Isdaimant’s physical condition, wage earning ability, and unsuccessful rehabilitative efforts including the claimant’s educational level and ability to be educated.

Physical Condition and Wage Earning Ability

It is undisputed that Smith has a formaldehyde-induced chemical sensitivity. Dr. Tarpy has treated Smith for over ten years. Dr. Tarpy’s testimony along with the reports of two toxicologists confirms Smith’s constant medical problems caused by the condition. The evidence suggests that the symptoms associated with the formaldehyde reactions include chronic sinus and throat infection, hoarseness, skin rashes, hives, gastrointestinal pain, diarrhea, and cramping. Formaldehyde is found in many ordinary products, and, as a result, daily usage of such products including toothpaste, deodorant, and feminine products triggers physical reactions and causes some of these symptoms. In fact, within her household, she encounters multiple environmental triggers which render her too *903 sick to function, and these attacks are often unpredictable.
She has been unable to work for eight years, and other aspects of her life have suffered. In his testimony, Dr. Tarpy stated:
Q. Has it essentially been that anytime she does practically anything, whether it would be school activities for their children, shopping activities, social activities, that she can’t tell in advance that she is going to get so sick as to be rendered essentially bedridden?
A. Correct.
Q. And it’s that sensitivity of that magnitude that has rendered her unable to work?
A. Correct.
Q. Do you think that more probable than not this sensitivity at this magnitude will persist permanently for Rebecca Smith?
A. Yes.
Seasons argues that Smith possesses a number of highly marketable skills. They | (¡emphasize that she has a high school diploma and some continuing education. In addition, she operated her own retail business, and before she became disabled, she had substantial job responsibilities. However, although she may possess these qualities, we cannot overlook the fact that she has not worked in eight years, she has not had an improvement in her medical condition, and she has not earned any wages. Her physical condition continues to hinder her ability to work.

Rehabilitative Efforts

Prior to determining that a claimant is permanently and totally disabled, the court must determine with reasonable probability that the claimant with proper training or education may be rehabilitated to achieve gainful employment and whether it is in the best interest of the claimant to undergo such rehabilitation. La.R.S. 23:1226(D). In this instance, this requires an analysis of Smith’s past rehabilitative attempts and the possibility of future attempts. Throughout the years, Seasons has attempted private rehabilitation on the Plaintiff on multiple occasions, and each attempt was unsuccessful. It is undisputed that she could never return to work in the retail industry where she had been employed throughout her life; however, Seasons argues that Smith remains employable.
Recently, Seasons employed the service of Louis Hebert, a vocational consultant. Hebert admitted that all of the labor market surveys which had been performed failed to identify jobs for the Plaintiff. In fact, he agreed with the reports of the prior vocational rehabilitation counselors which led to the conclusion that Smith was unable to engage in substantial gainful activity outside her home. However, he opined that Smith may be employable within her home. Seasons argues that all of the medical evidence established at trial indicates that the claimant is able to engage in gainful 17employment in a setting that is free of formaldehyde. Seasons argues that Smith should be required to meet with Hebert because he offers a new technique where claimants work at home and that Smith should be able to identify and avoid formaldehyde compounds in her home. Hebert testified that Smith may be rehabilitated to pack trinkets, party favors, and Mardi Gras beads without having to leave the confines of her home. Seasons suggest that this is gainful employment.
We disagree. First, there are various compounds in bridal favors, Mardi Gras beads, and other items suggested by Seasons. These compounds could worsen Smith’s condition. The evidence suggests that it would be nearly impossible for *904 Smith to avoid contact with formaldehyde in any work environment. We cannot ignore the testimony of Dr. Tarpy who has treated Smith for years. He described her rehabilitative probability as follows:
I don’t have a problem with her working out of her home if she didn’t have a formaldehyde sensitivity, but I think she is going to have ... she is basically an environmental cripple and she is going to have symptoms, a lot of symptoms, and probably is not going to be able to function at any job. Unless she is in a glass bubble, which I don’t know of any jobs that have that. (Emphasis added.)
It is apparent that Seasons has not been able to rehabilitate Smith and return her to gainful employment in eight years. All rehabilitative attempts have faded. The Louisiana Supreme Court has recognized, “[ojbviously, the Legislature intended, by imposing in La.Rev.Stat. 23:1226 a mandate that the prospects of rehabilitation be explored before an employee is classified as permanently, totally disabled, that the results-negative as well as positive-of such attempted rehabilitation be considered in ultimately determining disability status.” Comeaux, 01-0032, p. 13; 793 So.2d at 1221.
Considering the previous unsuccessful attempts and the possibility of additional 1 «medical problems, we cannot continue to subject Smith to repeated tests and attempts at rehabilitation on a trial and error basis which would only worsen her condition and prolong the inevitable-permanently, totally disabled status. As such, the Plaintiffs assignment of error is meritorious.
DECREE
Considering the totality of the factors, we hold that Smith has met her burden of proof required by La.R.S. 23:1221(2). Her medical condition prevents her from being rehabilitated or returning to gainful employment. She is permanently, totally disabled, and she is not required to meet with Seasons’ vocational counselor. The ruling of the trial court is reversed. All costs of this appeal are assigned to the Appellees.
REVERSED.